# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JOSE R. SOLANO,<br><br>　　　　Debtor,<br>_____<br>JOSE R. SOLANO,<br><br>　　　　Appellant,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Appellee.<br>_____ | Case No. CV 17-2811 FMO<br><br>(BK Case No. 16-bk-26833 VZ)<br>(Adv. Case No. 17-ap-1202 VZ)<br><br><br>**ORDER RE: BANKRUPTCY APPEAL** |

Having reviewed and considered the record and briefing filed with respect to the instant case the court finds that oral argument is not necessary to resolve the appeal, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

Pro se debtor-appellant Jose R. Solano ("Solano") appeals the Bankruptcy Court's Order of March 30, 2017, (Dkt. 25-2, Appellee's Appendix Volume II ("Appx. II") at ECF 342 "RFS Order"), granting creditor-appellee Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion for Relief from Stay, (Dkt. 25-1, Appellee's Appendix Volume I ("Appx. I") at ECF 263 "RFS Motion"), as to the property located at 1330 Bentley Court, West Covina, California. After considering the RFS Motion, Solano's Opposition to RFS Motion, and the arguments of the parties presented at the hearing on March 21, 2017, (see Dkt. 25-2, Appx. II at ECF 338-341), the bankruptcy court

granted relief from the stay pursuant to 11 U.S.C. § 362(d)(2)[1] (lack of equity and unnecessary to an effective reorganization) and (d)(4) (scheme to delay, hinder, or defraud creditors). (See Dkt. 25-2, Appx. II at ECF 340-41).

## LEGAL STANDARD

This court has jurisdiction pursuant to 28 U.S.C. § 158 to review the bankruptcy court's order granting relief from stay. See 28 U.S.C. § 158(a)(1) ("The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees . . . of bankruptcy judges[.]"); In re Conejo Enters., Inc., 96 F.3d 346, 351 (9th Cir. 1996) ("The decision of a bankruptcy court granting or denying relief from an automatic stay under section 362(d) is a final decision[.]").

When reviewing a bankruptcy court's decision, a "district court functions as an appellate court . . . and applies the same standards of review as a federal court of appeals[.]" In re Crystal Props., Ltd., 268 F.3d 743, 755 (9th Cir. 2001) (internal quotation marks omitted). "The decision to grant or deny relief from the automatic stay is committed to the sound discretion of the bankruptcy court," In re Conejo Enters., Inc., 96 F.3d at 351, and will not be disturbed on appeal unless it is shown that it is "based on an erroneous conclusion of law or [that] the record contains no evidence on which [the bankruptcy court] rationally could have based that decision." In re Windmill Farms, Inc., 841 F.2d 1467, 1469 (9th Cir. 1988) (internal citation and quotation marks omitted). Moreover, contentions of error should not be raised in the first instance on appeal, and such arguments may be deemed waived or forfeited where a party failed to bring those objections to the attention of the bankruptcy court. See OBB Personenverkehr AG v. Sachs, 136 S.Ct. 390, 397 (2015) (arguments never raised in the proceedings below are deemed forfeited on appeal); Orr v. Plumb, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments raised for the first time on appeal or omitted from the opening brief are deemed forfeited.").

## DISCUSSION

"When a debtor files a bankruptcy petition, an automatic stay immediately arises." Hillis

---

[1] Unless otherwise indicated, statutory citations are to Title 11 of the United States Code.

2

Motors, Inc. v. Hawaii Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir. 1993). "The automatic stay is designed to effect an immediate freeze of the status quo by precluding and nullifying post-petition actions, judicial or nonjudicial, in nonbankruptcy fora against the debtor or affecting the property of the estate." In re Mwangi, 764 F.3d 1168, 1173 (9th Cir. 2014) (internal quotation marks and emphasis omitted). This appeal challenges the bankruptcy court's decision to exempt Wells Fargo from the automatic stay resulting from Solano's bankruptcy. (See Dkt. 21, Appellant's Opening Brief ("AOB") at iii-iv).

      Solano raises several arguments contesting the bankruptcy court's decision, but none is persuasive. First, Solano contends that the bankruptcy court abused its discretion by granting relief from the stay despite his pending motion for withdrawal of reference. (See Dkt. 21, AOB at 9, 18). However, Solano's argument ignores the plain language of Fed. R. Bankr. P. 5011(c),[2] which states in relevant part the "[t]he filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) shall not stay the administration of the case or any proceeding therein . . . except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion." (emphasis added). In other words, Solano's pending motion to withdraw the reference did not operate to stay the bankruptcy court's ability to rule on the RFS Motion. See In re Viola, 2011 WL 4831200, *1 (N.D. Cal. 2011) ("Under the Federal Rule of Bankruptcy Procedure 5011(c), filing a withdrawal of reference does not stay the bankruptcy proceedings, unless the bankruptcy court or district court orders it stayed."). Moreover, having reviewed and denied two of Solano's motions to withdraw reference, (see In re Solano, Case No. 17-2158 FMO ("Solano I"); In re Solano, Case No. 18-0119 FMO ("Solano II")), and given the court's concerns of gamesmanship, (see Solano I Dkt. 26, Court's Order of June 19, 2017 ("[T]he court is concerned that Solano's Motion is simply an attempt at forum-shopping"), this court is persuaded that the bankruptcy court properly exercised its discretion in declining to stay the disposition of Wells Fargo's RFS Motion.

---

    [2] Unless otherwise indicated, "Rule" citations are to the Federal Rules of Bankruptcy Procedure.

3

Second, Solano contends that the bankruptcy court erred because "[t]he order of dismissal is completely silent as to the reason for dismissal" and "the bankruptcy court did not satisfy even the basic requirements of Rule 7052, as it improperly dismissed this case without a proper finding of fact and conclusion of law [sic]." (Dkt. 21, AOB at 11). But this ignores the fact that the bankruptcy court did make such findings at the hearing for the RFS Motion. (See Dkt. 25-2, Appx. II at ECF 339-41). Indeed, the bankruptcy court made the basis of its ruling plain. (See id. at ECF 340) ("There have been multiple bankruptcy cases filed all in an attempt to delay the results sought by Wells Fargo Bank which is to foreclose on its collateral.").

Third, Solano argues there was insufficient evidence that Wells Fargo was a party in interest entitled to seek relief from the stay. (See Dkt. 21, AOB at 13-16). However, "[a] proceeding to determine eligibility for relief from a stay only determines whether a creditor should be released from the stay in order to argue the merits in a separate proceeding." In re Griffin, 719 F.3d 1126, 1128 (9th Cir. 2013) (per curiam). Thus, "[g]iven the limited nature of the relief obtained through this proceeding and because final adjudication of the parties' rights and liabilities is yet to occur, a party seeking stay relief need only establish that it has a colorable claim to the property at issue." Id. Here, Wells Fargo came forward with a declaration from "one of the custodians of [its] books" that it is the holder and beneficiary of the promissory note in which Solano agreed to repay, with interest, the $1,110,000 lent to him. (See Dkt. 25-1, Appx. I at ECF 269 & 279-93). Indeed, this promissory note informed Solano that if he failed to make the required payments, "Lender may exercise the power of sale, [and] take action to have the Property sold under applicable law[.]" (Id. at ECF 291). Therefore, Wells Fargo established that it has "a colorable claim to the property at issue," which was sufficient to permit it to petition the bankruptcy court for relief from the automatic stay. See In re Griffin, 719 F.3d at 1128.

Fourth, Solano asserts that the bankruptcy court violated the rules of evidence by considering evidence relating to the Office of the Comptroller of the Currency approving the merger of World Bank into Wachovia and Wachovia into Wells Fargo. (See Dkt. 21, AOB at 16-17). However, Solano did not raise this argument before the bankruptcy court, and the court will not consider it. See United States v. Spezziale, 422 F.2d 388, 389 (9th Cir. 1970) ("Errors with

respect to admissibility of evidence not raised in the trial court may not be considered for the first time on appeal."); In re Hansen, 368 B.R. 868, 881 (B.A.P. 9th Cir. 2007) ("In any event, [appellant] did not make this argument to the bankruptcy court, and thus waived it.").

Finally, having reviewed the RFS Motion and attached exhibits, the court is satisfied the bankruptcy court did not abuse its discretion in granting relief from the stay. Specifically, Wells Fargo presented the bankruptcy court with evidence that Solano had missed 93 monthly payments on his loan and was $551,329.37 in arrears. (See Dkt. 25-1, Appx. I at ECF 271). Because "a debtor's persistent failure to make payments, standing alone, may constitute adequate cause for relief from the stay," Solano fails to show that the bankruptcy court abused its discretion in this matter. In re Aguilar, 2014 WL 6981285, *4 (B.A.P. 9th Cir. 2014), affirmed, 677 F.Appx. 328 (9th Cir 2017); see In re Price, 370 F.3d 362, 373 (3d Cir. 2004) ("A persistent failure to make monthly payments under loan documents can constitute cause for granting relief from the automatic stay."); In re Dangcil, 2017 WL 1075045, *7 (B.A.P. 9th Cir. 2017) (same principle).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT the Bankruptcy Court's Order of March 30, 2017, is **affirmed**.

Dated this 19th day of June, 2019.

                                                      /s/
                                        Fernando M. Olguin
                                      United States District Judge